**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 25 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DOLORES ARIAS MENDOZA DE CUEVAS, AKA Dolorez Mendoza Violeta, AKA Delores Mendoza-Arias de Cuevas, <br><br>      Petitioner, <br><br>   v. <br><br> LORETTA E. LYNCH, Attorney General, <br><br>      Respondent. | No. 10-70488 <br><br> Agency No. A075-616-477 <br><br><br> MEMORANDUM[*] |
| DOLORES ARIAS MENDOZA DE CUEVAS, AKA Dolorez Mendoza Violeta, AKA Delores Mendoza-Arias de Cuevas, <br><br>      Petitioner, <br><br>   v. <br><br> LORETTA E. LYNCH, Attorney General, <br><br>      Respondent. | No. 13-70679 <br><br> Agency No. A075-616-477 |

---

  [*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 18, 2016[**]
Pasadena, California

Before: PREGERSON, TALLMAN, and BEA, Circuit Judges.

Dolores Mendoza de Cuevas petitions for review of a Board of Immigration Appeals ("BIA") order denying a motion to remand for reconsideration of her order of removal, and of an order denying her subsequent motion to reopen proceedings. We review the BIA's denial of Petitioner's motion to remand for abuse of discretion. *Movsisian v. Ashcroft*, 395 F.3d 1095, 1098 (9th Cir. 2005). We review the BIA's denial of Petitioner's motion to reopen for abuse of discretion and we review legal questions de novo. *Cano-Merida v. INS*, 311 F.3d 960, 964 (9th Cir. 2002). We deny the petition.

Petitioner moved the BIA to remand her case to the immigration judge to determine whether, following *de Rodriguez-Echeverria v. Mukasey*, 534 F.3d 1047, 1051 (9th Cir. 2008), which held that an alien is deemed under arrest when she is held for questioning, statements that Petitioner made to border patrol agents were inadmissible because she was not advised of her *Miranda* rights. The BIA

_____

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

2

did not abuse its discretion when it found that remand was unnecessary because Petitioner was advised of her rights when she was served with a Notice to Appear in formal removal proceedings. Under *Samayoa-Martinez v. Holder*, 558 F.3d 897, 901 (9th Cir. 2009), the DHS is not required to advise aliens of their right to counsel or of the admissibility of their statements until aliens are placed in formal removal proceedings.

The BIA also denied Petitioner's motion to reopen proceedings to consider her eligibility for special rule cancellation of removal under 8 U.S.C. § 1229b(b)(2), which provides for the cancellation of removal for an alien who "has been battered or subjected to extreme cruelty by a spouse . . . who is or was a United States citizen" or lawful permanent resident. The BIA's denial of Petitioner's motion was not an abuse of discretion because the BIA's conclusion that Petitioner had not proved that her abusive former spouse was a United States citizen or permanent resident was not illogical, implausible, or without support in inferences that can be drawn from the record. Nor did the BIA abuse its discretion when it found that Petitioner's motion to reopen to file an application for asylum relief was filed untimely where she did not provide evidence of materially changed circumstances or conditions arising in Mexico to invoke the exception under 8 U.S.C. § 1229a(c)(7)(C)(ii).

3

Therefore, the petition is **DENIED**.

*De Cuevas v. Lynch*, Nos. 10-70488 & 13-70679

Pregerson, J., dissenting:

I dissent. Dolores Mendoza De Cuevas should not be considered an enforcement priority. *See* Jeh Charles Johnson, Secretary of Homeland Security, *Re: Policies for the Apprehension, Detention, and Removal of Undocumented Immigrants*, 4–5 (Nov. 20, 2014).

Here, we have a lawful permanent resident, brought to America when she was two, raised here, and schooled here, and whose ties to the U.S. are deep and enduring. Her only extended absence happened when an abusive boyfriend kidnapped her—sixteen, pregnant, and child in tow—to a small town in Mexico where his abusive behavior continued for years. She was eventually able to free herself and return home with the help of her family, almost all of whom are U.S. citizens. Her father is a citizen, her two siblings are citizens, and her husband is a citizen. Of her five children, four are citizens, and she has at least two grand children who are citizens as well.

Even though her current case deals with alien smuggling, she was not criminally charged and this appears to be an isolated incident. She is employed; she has paid taxes since 2001; she has no other criminal history; and she has no history of prior removals, orders of removal, or denials of status. Dolores Mendoza De Cuevas poses no threat to this country's national or public security. Yet, after

living in the United States for more than 40 years, she will be removed.

I believe that such a tragic result is against equity and good conscience—that is why I dissent.